[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14927
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00065-CAR

DARNEESE CARSON,

Plaintiff - Appellant,

versus

BELK, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 5, 2013)

Before CARNES, Chief Judge, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Darneese Carson, an African-American woman who suffers from stress-induced seizures, appeals from the district court's limitation of discovery and grant of summary judgment in favor of Belk, Inc. in her employment discrimination suit brought under Title VII, 42 U.S.C. § 2000e-2(a), and the Americans with Disabilities Act, 42 U.S.C. § 12112.

## I.

Carson worked in a Belk store in Athens, Georgia as a full-time beauty advisor. Belk granted her a medical leave of absence in July 2008. Soon thereafter, the store manager realized that Carson's leave was mistakenly characterized as FMLA leave, which she was not entitled to. The manager sent her a letter stating that she would be granted medical leave under Belk's leave policy, and that under that policy "[f]itness-for-duty certification is required before returning to work and there is no guarantee of job reinstatement."

Carson asked to return to work on a full-time schedule in September 2008. The letter that she provided from her doctor, however, did not authorize her to return to work until December 3, 2008. The store manager told Carson that she could return to work as requested, but only if she first submitted a letter from her doctor stating that she was cleared to do so. In response to that request, Carson submitted the same return-to-work letter, but with a handwritten change to the date she was allowed to return. That change was not signed or initialed by her doctor.

2

The manager told her that the letter was not acceptable and if she refused to provide acceptable documentation by November 24, 2008, Belk would consider her refusal as a voluntary resignation. She never submitted the proper documentation and Belk considered her to have resigned her employment.

Carson sued Belk, alleging race discrimination in violation of Title VII and disability discrimination in violation of the ADA. The district court granted summary judgment to Belk on both of those claims. Carson appeals both of those rulings, as well as an order limiting the scope of her discovery.

## II.

We begin by addressing the discovery issue. During discovery, Carson asked Belk to supply personnel information related to all job vacancies and applications and qualifications for those vacancies from October 2007 to March 2010. Belk objected to those requests as vague, overbroad, and seeking irrelevant information. The district court limited discovery to "personnel information regarding any employees of the Athens, Georgia Belk location that were on medical leave and subsequently returned, or attempted to return, to work . . . [during] the length of [Carson's] employment and 18 months prior." Carson contends that imposing that limitation was an abuse of discretion.

We disagree. Carson sought discovery broadly related to all applicants for all vacancies at the store, but her claims of discrimination and pretext were based

3

only on the company's denial of her request to return to work following medical leave. The district court's decision to limit discovery to employees who, like Carson, were also seeking to return from medical leave, was within the range of reasonable choices available to it. See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011) (stating that when ruling on discovery issues, a "district court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake in law"). Carson has not alleged any adverse employment action other than Belk's refusal to allow her to return to work after her medical leave, and limiting discovery to employees who may have suffered that same adverse employment action was not an abuse of discretion. Cf. Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388, 128 S.Ct. 1140, 1147 (2008) ("The question of whether [certain] evidence of discrimination . . . is relevant in an individual [employment discrimination] case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.").

### III.

Carson contends that the district court erred in granting Belk's motion for summary judgment on her Title VII claim because she was entitled to further discovery. We do not consider that argument because Carson did not raise it in the

4

district court.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("An issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.").  In any event, as we explained above, the district court did not abuse its discretion in limiting the scope of discovery.

Although Carson argued in the district court that Belk was not entitled to summary judgment on the Title VII claim based on the record in this case, she has abandoned that argument in this appeal and we therefore will not consider it.  See id. at 1330 ("[T]he law is . . . well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").  Accordingly, we affirm the district court's grant of summary judgment to Belk on Carson's Title VII claim.

IV.

Finally, Carson contends that the district court erred by granting Belk's motion for summary judgment on her ADA claim.  Under the ADA, covered employers may not "discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that she:  (1) is disabled; (2) is a qualified individual; and (3) was subjected to unlawful

5

discrimination because of her disability.  Greenberg v. BellSouth Telecomms., 498

F.3d 1258, 1263-64 (11th Cir. 2007).  If the plaintiff establishes a prima facie case,

the burden shifts to the defendant to articulate a legitimate, nondiscriminatory

reason for its action.  Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189,

1193 (11th Cir. 2004).  After this reason is given, the plaintiff is left with the

ultimate burden of proving that the defendant intentionally discriminated against

her because of her disability.  Id.

Here, even assuming that Carson established a prima facie case of disability

discrimination, she has not pointed to any evidence in the record — and we have

been unable to find any — from which a jury reasonably could conclude that

Belk's stated reason for not allowing her to return to work was pretext for

discrimination because of her disability.  Carson asserts that Belk arbitrarily

refused to accept the letter from her doctor that cleared her to return to work, but

she points to nothing in the record that suggests that Belk's decision was arbitrary.

Because she has not shown any evidence of pretext, Belk is entitled to summary

judgment.  See Chapman v. AI Transport, 229 F.3d 1012, 1037 (11th Cir. 2000)

(en banc) ("In order to avoid summary judgment [on an ADA claim], a plaintiff

must produce sufficient evidence for a reasonable factfinder to conclude that each

of the employer's proffered nondiscriminatory reasons is pretextual.").

**AFFIRMED.**